2CLARENCE E. McMANUS, Judge.
At issue in this workers’ compensation case is whether claimant is entitled to multiple penalties under La. R.S. 23:1201(F). Based on our conclusion that claimant is entitled to multiple penalties, we amend the judgment to award one penalty for each of defendants’ three violations of La. R.S. 23:1201(F). In all other respects, we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

On March 20, 1998, claimant, Mark Bou-dreaux, injured his lower back in the course and scope of his employment as a service technician with BellSouth Telecommunications (“BellSouth”). He received temporary total disability and medical benefits from defendants, BellSouth and its insurer, Kemper Workers’ Compensation Corporation (“Kemper”). He returned to work as a line translation specialist.
In January 2000, Claimant filed a disputed claim for compensation asserting he was entitled to physical therapy as recommended by his treating physicians and temporary total disability benefits. In July 2000, he filed a supplemental and amended disputed claim for compensation seeking an ergonomic workplace evaluation, an ergonomic workplace, medical benefits, psychiatric benefits, | ¡¡mileage, physical therapy, penalties and attorney fees. In May 2001, BellSouth and Kemper stipulated they did owe claimant reimbursement for some of his medical expenses not paid within the sixty-day statutorily required period but did not stipulate to all the requested reimbursements.
On July 9, 2001, this disputed claim for medical reimbursement, penalties and attorney fees was heard by Workers’ Compensation Judge John Grout. After trial of this matter, the WCJ issued the following judgment. He found that medical treatments ordered by claimant’s treating physicians and stipulated to by the parties were to be provided; that claimant receive mileage reimbursement for medical visits substantiated by the appropriate medical providers; that claimant’s out of pocket expenses for reasonable medical supplies and equipment necessary for treatment of his condition be reimbursed to him; and, that the recommended ergonomic workstation modifications be incorporated into claimant’s existing workstation. The WCJ awarded claimant $2,000.00 for defendant’s failure to timely pay medical benefits based on the finding that defendants were arbitrary and capricious. In addition, claimant was awarded attorney fees of $13,000.00 and the costs of the proceedings were assessed to defendants.
Thereafter, claimant filed a motion for new trial asserting he was entitled to multiple penalties for the denial of each request for benefits. In it, he asked the WCJ to award him medical benefits due from 12/4/00-5/30/01, to clarify the money judgment, set court costs and amend the judgment. The WCJ denied claimant’s new trial as to the multiple penalties; clarified the judgment ordering defendants to pay claimant’s medical expenses he personally paid in the amount of $6,216.21; ordered defendants to provide medical benefits to claimant from 3/20/98 through 5/30/01; ordered defendants to provide claimant with an ergonomic workstation; and ordered defendants pay court costs in the amount of $730.00.
^Defendants suspensively appealed the portion of the judgment granting reim *134 bursement of medical expenses personally paid by claimant. Claimant answered the appeal seeking an increase in penalties for defendants’ arbitrary and capricious behavior and that defendants pay all costs and attorney fees for this appeal.

DISCUSSION

Defendants assert the WCJ improperly awarded claimant $6,216.21 for reimbursement of his out of pocket medical expenses. Our review of the record (including testimony and documentary evidence) supports that award. Counsel for claimant answered defendant’s appeal, requesting additional attorney fees for work performed on appeal, sanctions for a frivolous appeal, as well as multiple penalties for multiple violations of La. R.S. 23:1201(F). We note that claimant received $13,000.00 in attorney fees below and that defendants do not challenge that award on appeal. We find nothing in the record to support an award of attorney fees on appeal nor do we find this appeal to be frivolous.
Turning to the issue of whether claimant is entitled to multiple penalties, we note that the WCJ awarded claimant one penalty despite finding that defendants arbitrarily and capriciously denied several of the claimant’s demand for particular benefits. La. R.S. 23:1201(F) provides:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy Lshall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance.
The Louisiana Supreme Court recently decided two consolidated cases, in one opinion, addressing the precise issue presented in this case. See, Fontenot v. Redell Vidrine Water District, 02-0439 and Haynes v. Williams Fence and Aluminum, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14. That opinion holds multiple penalties are properly awarded to a claimant who makes a demand or claim for particu *135 lar benefits and those benefits are arbitrarily and capriciously denied by the employer or insurer.
Having so noted, our task is to determine the appropriate number of penalties. Claimant’s supplemental and amended disputed claim for compensation sought an ergonomic workplace evaluation and an ergonomic workplace, medical benefits, psychiatric benefits, mileage, physical therapy, penalties and attorney fees. Claimant argues in brief that he is essentially entitled to a penalty for each instance a benefit was denied. We disagree. The ergonomic workplace and | ^evaluation represents one benefit or claim. The medical benefits include psychiatric treatment and physical therapy as well as the mileage reimbursements related to those claims. Thus, claimant is not entitled to a separate penalty for the denial of mileage reimbursement associated with his visits to treatment providers. See, Fontenot, supra and Haynes, supra.
Separating the benefits as the WCJ did in the clarified judgment, we note that the WCJ found defendants acted arbitrarily and capriciously in denying the claims related to reimbursement for medical expenses claimant personally paid; the denial of medical benefits from 3/20/98 through 5/30/01; and the denial of an ergonomic workstation. Thus, the WCJ should have awarded a penalty to claimant for each of the three benefits that were sought and denied for a total of $6,000.00.
Accordingly, we affirm the portion of the judgment awarding claimant $6,216.21 reimbursement of medical expenses paid out of his own pocket and increase the award of penalties from $2,000.00 to $6,000.00. In all other respects, the WCJ’s judgment is affirmed.

CONCLUSION

Based on the foregoing, we affirm the portion of the judgment awarding claimant $6,216,21 reimbursement of medical expenses paid out of his own pocket and increase the award of penalties from $2,000.00 to $6,000.00. In all other respects, the WCJ’s judgment is affirmed. Costs of this appeal are to be paid by defendants.
AFFIRMED IN PART; AMENDED IN PART.